UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATE GIPSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:17-cv-2277 |
| ) | |
| MILLIKIN UNIVERSITY, ) | |
| an Illinois Not-for-Profit Corporation, ) | |
|     Defendant. ) | |

**RESPONSE TO DEFENDANT MILLIKIN UNIVERSITY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**

NOW COMES Plaintiff, NATE GIPSON [GIPSON], by his attorneys, FEATHERSTUN, GAUMER, STOCKS, FLYNN & ECK, LLP, and for his Response to Defendant, MILLIKIN UNIVERSITY's [MILLIKIN] Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12 (b)(6) [Doc. No. 3], he states:

Plaintiff filed a Two-Count Complaint against MILLIKIN in Macon County Circuit Court on November 20, 2017. (*See* Doc. 1-2).  Count I seeks remedy for violations of the Americans with Disabilities Act, 42 USC §12182 and Count II for breach of contract. (*See* Doc. 1-2, pp. 1, 4).  MILLIKIN removed this cause to this Court. (*See* Doc. 1).  Following removal, MILLIKIN filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 3.  MILLIKIN requests that this Court strike GIPSON's prayer for monetary damages under Count I (*see* Doc. 1-2, p. 4, ¶15, sub. B) and his prayer for punitive damages and attorneys' fees under Count II. (*See* Doc. 1-2, p. 6).

Fed. R. Civ. Proc. 8(a)(2) provides that a Complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  A Complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 US 662, 678 (2009) (citing *Bell Atlantic Corp. v Twombly,* 550 US

544, 570 (2007)). A claim is plausible "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 US at 556).

Under Count II, punitive damages, including attorneys' fees, are available under the facts alleged. An exception to the general rule, excluding punitive damages in a breach of contract action, exists to separate mere willful breaches of contract … and other wanton or malicious acts that rise to the level of an independent tort meriting deterrence." *Hardin Rodriguez and Boivin Anesthesiologists, Ltd. v. Paradigm Insurance Co.,* 962 F. 2d 628, 639 (7th Civ. 1992). Attorneys' fees may be included in an award of punitive damages. *E.J. McKernan Co. v Gregory,* 252 Ill.App.3d 514, 536 (2d Dist. 1993).

The facts and inferences in the Complaint plausibly support an award of punitive damages include the following: GIPSON enrolled at MILLIKIN, was accepted into the education program, and paid tuition each semester. At acceptance, GIPSON's disability was known to MILLIKIN. MILLIKIN did not accommodate GIPSON's disability or offer its educational program in a manner that accommodated GIPSON. The denial was not an accidental or unwilling breach, but, was an intentional breach in disregard of educational program student teaching coursework and GIPSON's entitlement in the Program. MILLIKIN retained tuition through all coursework and denied GISPON student teaching placement in an arbitrary and capricious manner that further offended public policy.[1]

The prayer for attorneys' fees, in addition to the injunctive relief, under Count I is available to Plaintiff. 42 U.S.C. §12188(a)(1).

---

[1] It is the public policy of Illinois that a private college not make any promises which it does not have the present means or ability to perform. 110 ILCS 1005/4. Here, either MILLIKIN had no ability to accommodate its disabled students' student teaching placement or it retained tuition with intent to deny placement which presents indicia of fraud.

WHEREFORE, for the reasons set forth above, MILLIKIN's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6) should be denied as GIPSON has alleged a plausible basis for an award of punitive damages including attorneys' fees under Count II and attorneys' fees under Count I.

>    NATE GIPSON, Plaintiff,
>
>    By: FEATHERSTUN, GAUMER, STOCKS, FLYNN & ECK, LLP
>
>    By: /s/Michael S. Morthland
>    Michael S. Morthland

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2017, I electronically filed the foregoing response to Defendant Millikin University's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. with the Circuit Court using the CM/ECF system which will send notifications of such filing to the following:

> John E. Cassidy, III
> Cassidy & Mueller, P.C.
> 416 Main Street, Suite 323
> Peoria, IL 61602

>    /s/ Michael S. Morthland

Michael S. Morthland
FEATHERSTUN, GAUMER, STOCKS,
FLYNN & ECK, LLP
225 North Water Street, Suite 200
P. O. Box 1760
Decatur, IL 62525
Telephone: (217) 429-4453
Fax: (217) 425-8892
E-Mail: mmorthland@decatur.legal
E-Mail: wfgpsf@decatur.legal
ts